IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

VANTONIAS ELLIOTT                                                                         PLAINTIFF

v.                                                                                   No. 4:08CV124-A-A

LOLA NELSON, ET AL.                                                                      DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Vantonias Elliott, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff alleges that he was found guilty of a prison rule violation and punished without due process of law. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

### Factual Allegations

Elliott alleges that he received a rule violation report on February 18, 2008, for possession of a shank, which a prison guard found on Elliott's bunk. Although Elliott attended a hearing on the matter February 21, 2008, and gave testimony at the hearing, he alleges that no investigation was conducted prior to the hearing. At the conclusion of the hearing, Elliott was found guilty. He was punished by placement in isolation and, due to the effect of the rule violation on the objective classification system, was placed in a lower custody classification, moved to a different housing unit, and lost his prison job. He seeks monetary relief, expunction of the rule violation report from his prison administrative record, and termination of the employment of various prison personnel.

## *Sandin*

In view of the Supreme Court's decision in *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995), the court concludes that the plaintiff has failed to set forth a claim which implicates the Due Process Clause or any other constitutional protection. As the Court noted, "States may under certain circumstances create liberty interests which are protected by the Due Process Clause [, but] these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* 115 S. Ct. at 2300 (citations omitted). In the *Sandin* case, the discipline administered the prisoner was confinement in isolation. Because this discipline fell "within the expected parameters of the sentence imposed by a court of law," *id*. at 2301, and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest," *id*., the Court held that neither the Due Process Clause itself nor State law or regulations afforded a protected liberty interest that would entitle the prisoner to the procedural protections set forth by the Court in *Wolff v. McDonnell*, 418 U.S. 539, 41 L. Ed. 2d 935 (1974). *See also Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (holding prisoner's thirty-day loss of commissary privileges and cell restriction due to disciplinary action failed to give rise to due process claim).

The punishment Elliott suffered as a result of the disciplinary hearing likewise does not rise to a level sufficient to trigger due process protection. Reduction in custody classification does not present the type of extraordinary or significant deprivation in which the state might conceivably create a liberty interest; instead, the discipline fell "within the expected parameters

of the sentence imposed by a court of law." *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995). As such, the instant case shall be dismissed with prejudice for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the __6th__ day of March, 2009.

      __/s/ Sharion Aycock__
      **U. S. DISTRICT JUDGE**